UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FORGG LLC d/b/a IGUARDCO<br><br>Plaintiff,<br><br>v.<br><br>DEAD END SURVIVAL, LLC;<br>DOES 1–9 d/b/a AMAZON STOREFRONT<br>SHARPSURVIVAL, AMAZON<br>CUSTOMER1, AMAZON CUSTOMER2,<br>PHIL G., JAKE FAIRFEILD, CHAD HOLTZ,<br>CHUCK, MATTHEW, AND NICOLE<br>SPITZLEY<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff ForGG LLC d/b/a Amazon Storefront iGuardco ("Plaintiff"), and for its

Complaint against Defendant Dead End Survival, LLC ("Dead End") and Defendant Does 1–9:

Amazon Storefront SharpSurvival, Amazon Customer1, Amazon Customer 2, Phil G., Jake

Fairfeild, Chad Holtz, Chuck, Matthew, and Nicole Spitzley ("Defendant Does")(collectively

with Defendant Dead End Survival, LLC, "Defendants"). In support thereof, Plaintiff alleges as

follows:

**NATURE OF THE ACTION**

1.      This is a cause of action to remedy Defendants' anti-competitive, tortious, and

fraudulent behavior against Plaintiff on the Amazon.com selling platform. Plaintiff sells generic

tactical watches ("Plaintiff's Watches") on Amazon.com.

2.     Upon information and belief, Defendant Dead End, an Amazon competitor, has lodged trademark infringement claims with Amazon.com against Plaintiff.  Specifically, Dead



End has wrongly asserted "Survival Watch®," a non-protectable *part* of its actual logo and word trademark registration (seen left) against Plaintiff.[1] Indeed, Dead End specifically disclaimed the words "Survival Watch" in order to gain registration.

3.     Upon further information and belief, Dead End has wrongfully asserted "Survival Watch®" against Plaintiff's online product descriptions (*e.g.,* "8-in-1 Water Resistant Survival Tactical Emergency Watch Bracelet Hiking Camping Kit iGuard 550-lb Military Grade Paracord Fire Starter Compass Whistle") where there was clearly no infringement.

4.     Worse, upon information and belief, Defendant Does have submitted false claims and negative reviews against Plaintiff.

5.     Defendants' actions have resulted in Plaintiff's suspended listings, lost sales, account cancelations, frozen funds, and frozen assets on Amazon.com.

6.     For all of the foregoing, Plaintiff's causes of action include declaratory relief that it does not infringe Dead End's trademark or pending patent applications; false advertising; defamation *per se*; violation of the  Illinois Deceptive Trade Practices Act; tortious interference with contractual and business relations; tortious interference with a business expectancy; violation of the Sherman Antitrust Act; and, unjust enrichment.

---

[1] US Trademark No. 4,781,053 ("'053 Mark"), attached as Exhibit 1.

## I.  **PARTIES**

7.      Plaintiff is a domestic limited liability company organized under the laws of the State of Illinois, with its principal place of business at 108 Mullingar Ct., 2B, Schaumburg, Illinois 60193.  Plaintiff owns and operates Amazon Storefront, "iGuardco."

8.      Upon information and belief, Defendant Dead End is a Michigan domestic limited liability company.  Upon further information and belief, Defendant Dead End's registered agent is United States Corporation Agents, Inc., 336 W First St, Ste 113, Flint, Michigan 48502.

9.      Upon information and belief, Defendant Doe SharpSurvival is an Amazon.com storefront owned or operated by Defendant Dead End.

10.      Upon information and belief, Defendant Doe Amazon Customer1 is anonymous, but has left submitted a negative review titled, "Watch is JUNK," on or about June 17, 2016. Exhibit 2, p. 2.  Upon further information and belief, Defendant Doe Amazon Customer1 is related to Dead End or Defendant Doe SharpSurvivial.

11.      Upon information and belief, Defendant Doe Amazon Customer2 is anonymous, but has left submitted a negative review titled, "the bracelet design is poor as the prickly ends of the paracord terminates against …," on or about August 10, 2016.  Exhibit 2, p. 2.  Upon further information and belief, Defendant Doe Amazon Customer2 is related to Dead End or Defendant Doe SharpSurvivial.

12.      Upon information and belief, Defendant Doe Phil G. is anonymous, but has left submitted a negative review titled, "Cheap knock-off - BEWARE," on or about November 30, 2016.  Exhibit 2, p. 1.  Upon further information and belief, Defendant Doe Phil G. is related to Dead End or Defendant Doe SharpSurvivial.

13.     Upon information and belief, Defendant Doe Jake Fairfeild is anonymous, but has left submitted a negative review titled, "Don't waste your $$$," on or about November 30, 2016. Exhibit 2, p. 1.  Upon further information and belief, Defendant Doe Jake Fairfeild is related to Dead End or Defendant Doe SharpSurvivial.

14.     Upon information and belief, Defendant Doe Chad Holtz is anonymous, but has left submitted a negative review titled, "Think twice.," on or about May 31, 2016.  Exhibit 2, p. 2.  Upon further information and belief, Defendant Doe Chad Holtz is related to Dead End or Defendant Doe SharpSurvivial.

15.     Upon information and belief, Defendant Doe Chuck is anonymous, but has left submitted a negative review titled, "Extremely average.," on or about May 21, 2016.  Exhibit 2, p. 2.  Upon further information and belief, Defendant Doe Chuck is related to Dead End or Defendant Doe SharpSurvivial.

16.     Upon information and belief, Defendant Doe Matthew is anonymous, but has left submitted a negative review titled, "the worst purchase I have made in my life do not ….," on or about June 1, 2016.  Exhibit 2, p. 2.  Upon further information and belief, Defendant Doe Matthew is related to Dead End or Defendant Doe SharpSurvivial.

17.     Upon information and belief, Defendant Doe Nicole Spitzley is anonymous, but has left submitted a negative review titled, "Once Star," on or about June 7, 2016.  Exhibit 2, p. 2.  Upon further information and belief, Defendant Doe Nicole Spitzley is related to Dead End or Defendant Doe SharpSurvivial.

18.     Upon information and belief, Defendant Does are business entities of unknown makeup or anonymous individuals who conduct business throughout the world, including within this judicial district through the operation of Amazon.com storefronts, Amazon.com buyer

accounts, or e-mail addresses. Defendant Does directly and indirectly engage in the purchase of goods with the intent to cause harm and damage to competitors. Defendant Does use anonymous storefronts and e-mail addresses masking their true identities, physical addresses, and other contact information. Upon information and belief, Defendant Does operate in this fashion to protect their true identities. Plaintiff is presently unaware of the true identities of Defendant Does. Once Plaintiff identifies that entities or individuals of Defendant Does, Plaintiff will amend this complaint.

## II.   JURISDICTION AND VENUE

19.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, in that it involves claims arising under the laws of the United States and specifically involve 28 U.S.C. § 2201 (Declaratory Judgment Act), 15 U.S.C. § 1125 (Lanham Act);and 15 U.S.C. § 1 (Sherman Antitrust).

20.     This Court has supplemental jurisdiction over Plaintiff's Illinois state-law claims pursuant to 28 U.S.C. § 1367, in that the state law claims are integrally-related to the federal claims and arise from a common nucleus of operative facts, such that the resolution of all claims herein is in the interests of judicial economy.

21.     The Court has personal jurisdiction over Defendants pursuant to Illinois's Long Arm Statute, 735 ILCS § 5/2-209 because Defendants have committed tortious acts within the state from which the below causes of action arise, and/or have committed tortious actions outside of Illinois with the intent to cause—and in fact caused—injury in Illinois and to Illinois residents from which the below causes of actions arise, as explained in more detail below.

22.     Venue is proper in this district pursuant to 28 U.S.C. §1391.

### III.    <u>ABOUT AMAZON.COM</u>[2]

23.    Amazon.com Inc. is the world's largest online retailer.  The Amazon.com platform offers products worldwide.

24.    To make a purchase, typically, a customer searches for a particular item on Amazon.com or via a mobile application and submits an order.  Amazon.com then fulfills that order by mailing the items to the purchaser.

25.    Amazon.com Inc. allows sellers to offer for sale and sell products on the Amazon.com platform.  Amazon.com Inc. requires that sellers enter into agreements[3] with it concerning the relationship between it and sellers, duties and responsibilities of the sellers, and other policies.  *See, e.g.,* Amazon.com Participation Agreement *available at* https://www.amazon .com/gp/help/ customer/display.html?ie= UTF8&nodeId=1161302 (last visited Dec. 19, 2016), attached as Exhibit 3; *see also* Amazon.com Changes to the Participation Agreement *available at* https://www.amazon.com/gp/help/customer/display.html/ref=hp_rel_topic?ie=UTF8&nodeId=53 7792 (last visited Dec. 19, 2016), attached as Exhibit 4; Amazon.com Restricted Products *available at* https://www.amazon.com/gp/help/customer/display.html?nodeId=200277040 (last visited Dec. 19, 2016), attached as Exhibit 5.

26.    To sell on Amazon.com, a seller begins with a set of quick start instructions.  *See* Amazon.com Quick Start *available at* https://www.amazon.com/gp/help/customer/display.html? nodeId=1161234 (last visited Dec. 19, 2016), attached as Exhibit 6.

27.    Amazon.com's Quick Start includes the following steps:

---

[2] Amazon.com Inc. is the corporation that owns and operates Amazon.com, which is often abbreviated to Amazon.

[3] Amazon.com Policies and Agreements *available at* https://www.amazon.com/gp/help/customer /display.html?nodeId=1161272 (last visited Dec. 19, 2016).

**1** **List your items for sale**
Search for the item on Amazon.com and click the **Sell Yours Here** button. Make sure you have the correct product; one title can have several editions or formats.
*Search now!*
*Learn more about fees and pricing.*

**2** **Get orders**
Amazon sends you an e-mail notification when an item sells and posts the order in your seller account. In case you don't get the e-mail (or it is filtered as spam), make sure to check for orders in your seller account regularly.
*How to check orders.*

**3** **Ship items to your buyers**
Get the shipping information from the order details in your seller account. Print the packing slip and address label and then purchase postage to mail your item within 2 days of the order date. Return to your seller account to confirm shipment.
*How to ship.*
*How to confirm shipment.*

**4** **Get paid**
Once you have confirmed shipment, Amazon Payments charges the buyer's credit card and, after deducting fees, credits funds to your Payments account. If your bank account information has been on file for at least 14 days, Amazon Payments then transfers money directly into your bank account.
*Learn more about getting paid.*

28.  Amazon.com Inc. allows sellers to sell generic items under the same Amazon

Standard Identification Number ("ASIN").[4]  The only factor that separates sellers of products on

---

[4]  Amazon Standard Identification Numbers (ASINs) are unique blocks of 10 letters and/or numbers that identify items.  You can find the ASIN on the item's product information page at Amazon.com.  For books, the ASIN is the same as the ISBN number, but for all other products a new ASIN is created when the item is uploaded to our catalogue.  You will find an item's ASIN on the product detail page alongside further details relating to the item, which may include information such as size, number of pages (if it's a book) or number of discs (if it's a CD).

ASINs can be used to search for items in our catalogue.  If you know the ASIN or ISBN of the item you are looking for, simply type it into the search box (which can be found near the top of most pages), hit the "Go" button and, if the item is listed in our catalogue, it will appear in your search results.

http://www.amazon.com/gp/seller/asin-upc-isbn-info.html (last visited Dec. 19, 2016).

the same ASIN is the seller's goodwill.  Since goodwill is the life blood of any Amazon seller, the seller's success or demise can be made or broken by reviews from Amazon purchasers.

29.     Negative reviews damage a seller's brand name and kill sales because purchasing decisions are largely made after reading reviews left by others.

30.     Amazon.com Inc. takes intellectual property infringement cases seriously.  As such, it automatically suspends a seller's offering if a complaint is filed.  Amazon does not review all of its automatic suspensions nor does it intervene in alleged disputes between a seller and a complainant.

31.     Rather, an accused seller must resolve any apparent issue with the complainant. However, complainants often fail to respond to good faith efforts to resolve issues.  Or, complainants often ignore evidence and arguments that prove their complaint lacks merit.  In either situation, an accused seller is left in limbo.  Hence, accused sellers are left with two options – 1) remain suspended, or 2) seek judicial intervention.

32.     In some cases, Amazon not only suspends an accused offering, it also suspends an accused seller's entire account regardless of whether the intellectual property complaint applies to the other offerings.

33.     When compared to a brick and mortar store, such as Wal-Mart, the devastating effects of a wrongful intellectual property complaint can be seen.

34.     If an Amazon complainant submits a single-paged intellectual property infringement report, the result is similar to Wal-Mart removing a certain product from all of its shelves.

35.     Often, Amazon may suspend all of an accused seller's offerings.  This is akin to Samsung having an intellectual property complaint against one model of one television, then

Wal-Mart removes all of Samsung's televisions, stereos, speakers, computers, monitors, printers, cameras, washers, dryers, refrigerators, ovens, dishwashers, microwaves, vacuums, cell phones, tablets, virtual reality devices, wearable smart devices, smart home devices, portable music players, and headphones.[5]

36.     For Samsung, the suspension would only apply at Wal-Mart.  However, for many Amazon sellers, the Amazon.com platform is the only avenue they sell through.

### IV.    PLAINTIFF'S BACKGROUND

37.     Plaintiff is a small, family-run business that sells iGuardco™ brand survival watches ("Plaintiff's Watches") through an online storefront on Amazon.com ("Amazon").

38.     "Survival watches" are a category of watches that, like Swiss-army knives, typically include a number of affixed "survival" tools.  Many include a paracord band:

      

*(EMAK™ survival watch)*          *(Geneva™ survival watch)*          *(SBAO™ survival watch)*

---

[5] http://www.samsung.com/us/aboutsamsung/# (last visited Dec. 19, 2016).

      

*(Grand Touring<sup>TM</sup> survival watch)*   *(SOKI<sup>TM</sup> survival watch)*   *(Generic survival watch)*

   

*(Plaintiff's iGuardco<sup>TM</sup> survival watch)*   *(Defendant's SW<sup>TM</sup> survival watch)*

39.   Survival watches usually include some or all of the following handy attachments: a compass, a fire starter, a small blade, a whistle, and/or fishing wire.  *See* Combined Exhibit 7.

40.   Countless entities and individuals sell these tactical timepieces and advertise and list them under the generic category of "survival watches."  *See* Combined Exhibit 8.

41.   Plaintiff lists its brand of survival watches on its Amazon store as follows:

ASIN: B01M5K8S31, [Premium Adjustable] 8-in-1 Water Resistant Survival Tactical Emergency Watch Bracelet Hiking Camping Kit iGuard 550-lb Military Grade Paracord Fire Starter Compass Whistle (camo)

ASIN: B01DIGHPCI, [Premium All-Inclusive] 16-in-1 Water Resistant Survival Tactical Emergency Watch Bracelet Hiking Camping Kit iGuard 550-lb Military Grade Paracord Fire Starter Compass Thermometer Whistle Fishing

ASIN: B01M2DH0H2, [Premium Adjustable] 8-in-1 Water Resistant Survival Tactical Emergency Watch Bracelet Hiking Camping Kit iGuard 550-lb Military Grade Paracord Fire Starter Compass Whistle (black)

42. Plaintiff directly competes with other sellers of survival watches, including Dead End.

## V. DEFENDANT'S REGISTERED LOGO MARK

43. Based on information and belief, Dead End sells survival watches on Amazon through its online storefront, "SharpSurvival."

44. Defendant Dead End purportedly owns a US trademark registration to its logo and motto seen below. US Trademark Reg. No. 4,781,053, attached as Exhibit 1.



45. Notably, as part of its trademark application, Dead End disclaimed "Survival Watch." *See* Exhibit 2, p. 1 ("Disclaimer: "SURVIVAL WATCH; No claim is made to the exclusive right to use "SURVIVAL WATCH" apart from the mark as shown.").

46. "A disclaimer is a statement that the applicant or registrant does not claim the exclusive right to use a specified element or elements of the mark in a trademark application or registration." Trademark Manual of Examining Procedure ("TMEP") § 1213.

47. "As used in trade mark registrations, a disclaimer of a Component of a composite mark amounts merely to a statement that, in so far as that particular registration is concerned, no rights are being asserted in the disclaimed component standing alone, but rights are asserted in the composite; and the particular registration represents only such rights as flow from the use of the composite mark."

*Id.* (quoting *Sprague Electric Co. v. Erie Resistor Corp*., 101 USPQ 486, 486-87 (Comm'r Pats. 1954)).

48. Because generic terms and phrases are incapable of trademark protection, *Hickory Farms, Inc. v. Snackmasters, Inc.*, 500 F. Supp. 2d 789, 799 (N.D. Ill. 2007) (citing *Mil-Mar*

*Shoe Co. v. Shonac Corp.*, 75 F.3d 1153, 1156 (7th Cir. 1996)), Dead End has no exclusive

rights to the generic phrase "SURVIVAL WATCH" and cannot stop third parties from using the

phrase either in their own trademarks or to fairly describe the products that they sell. *Id.*

49.     Nevertheless, Dead End falsely claimed and continues to falsely claim exclusive

rights to the generic phrase "survival watch" in order to root out its competition, including and

especially Plaintiff.

50.     Indeed, upon information and belief, Defendant Dead End lodged false and

fraudulent trademark infringement claims against Plaintiff through Amazon.com.

51.     Hence, Dead End **has no rights** to the words "Survival Watch."

## VI.     **DEAD END's TRADEMARK FRAUD**

52.     Despite not having any exclusive rights to the generic phrase "survival watch,"

and despite only owning a federal registration for  SURVIVAL WATCH SW YOUR BEST

LAST RESORT & Design (with the generic phrase "SURVIVAL WATCH" disclaimed), Dead

End has used and continues to use the following fraudulent trademark designation: "Survival

Watch®" to bully or destroy competing sellers of survival watches.

53.     "The federal registration symbol may not be used with marks that are not actually

registered in the USPTO."  TMEP § 906 (Federal Registration Notice).

54.     "Improper use of the federal registration symbol that is deliberate and intended to

deceive or mislead the public is fraud."  TMEP § 906.02 (Improper Use of Registration

Symbol)(citing TMEP §906.04).

55.     By using "Survival Watch®," Dead End purposely omits the remaining parts of its

registered mark in order to deceive and mislead the public into believing that Dead End owns

exclusive rights to the two-word phrase "Survival Watch."  Dead End has posted and continues

to post this fraudulent assertion of rights on its amazon.com store and product listings:

Sports & Outdoors › Outdoor Recreation › Outdoor Clothing › Men › Accessories › Sport Watches



Roll over image to zoom in

Survival Watch® | Ultimate Emergency Tool For Men & Women | Features Military Grade Paracord, Compass, Whistle, & Fire Starter | Battery Powered, Analog Watches | Highest Quality Survival Gear | Water Resistant | Adjustable | 4 Colors

by SharpSurvival

★★★☆☆ ▾    158 customer reviews

| 27 answered questions

Price: $44.95
Sale: $34.95  ✔Prime
You Save: $10.00 (22%)

ⓘ Your $57.44 Amazon.com Gift Card balance can cover the cost of this item. Learn More.

In Stock.
Arrives before Christmas.

Want it tomorrow, Dec. 10? Order within **7 hrs 8 mins** and choose **Saturday Delivery** at checkout. Details
Sold by SharpSurvival and Fulfilled by Amazon. Gift-wrap available.

Color: Black

  

6

## VII.    DEFENDANT DEAD END'S FALSE ADVERTISING

56.    Upon information and belief, Defendant Dead End also operates Amazon Storefront SharpSurvival that offers and sells survival watches.

57.    One such offering is titled – "Survival Watch® | Ultimate Emergency Tool For Men & Women | Features Military Grade Paracord, Compass, Whistle, & Fire Starter | Battery

---

6 https://www.amazon.com/dp/B01A5W5002/ref=twister_B01A5W4ZY4?_encoding=UTF8& psc=1 (last visited Dec. 19, 2016).

- 13 -

Powered, Analog Watches | Highest Quality Survival Gear | Water Resistant | Adjustable | 4 Colors."[7]

58.     The USPTO has not registered the mark "Survival Watch" for any trademark, let alone one to Dead End.  *See* USPTO Trademark Electronic Search System (searching "Survival Watch"), attached as Exhibit 9.

59.     Dead End has used the federal trademark registration symbol, ®, after the words "Survival Watch" in its advertising, but it does not own a federally registered trademark. Exhibit 9.

60.     Dead End's advertisement on Amazon.com for "Survival Watch[®]" is literally false.  Exhibit 9.

61.     Dead End has used the false statement concerning its watch offerings.  Exhibit 9.

62.     Dead End's false statement has caused deception among the Amazon community. As one example, upon information and belief, Dead End has deceived Amazon.com Inc. into believing that it owns a federally-registered trademark concerning "Survival Watch[®]."  Based on its false advertisement, upon further information and belief, Dead End filed a fraudulent trademark infringement complaint on or about December 8, 2016 against Plaintiff.  *See* Notice of Intellectual Property Rights Infringement, attached as Exhibit 10.

63.     As a result of the fraudulent trademark infringement complaint, Amazon acted on Dead End's falsely-advertising and suspended Plaintiff's watch offerings so that they are no longer available to Amazon customers.  *See* Amazon Notice of Suspension, attached as Exhibit 11.

---

[7] https://www.amazon.com/dp/B01A5W5002/ref=twister_B01A5W4ZY4?_encoding=UTF8& psc=1 (last visited Dec. 7, 2016), attached as Exhibit 14.

64.     Such deception has materially affected potential purchasers.  That is, Amazon purchasers no longer have the option to purchase from Plaintiff.

65.     Plaintiff has suffered lost sales and frozen assets as a result of the fraudulent advertisement.

## VIII.     DEFENDANT'S FRADULENT COMPLAINTS WITH AMAZON.COM

66.     On or about December 8, 2016, upon information and belief, Dead End filed a complaint on Amazon.  *See* Amazon.com Notice of Intellectual Property Rights Infringement, attached as Exhibit 10.

67.     In order to file an infringement report on Amazon.com, a complainant completes a straightforward, abbreviated online form.  *See* Amazon Report Infringement *available at* https://www.amazon.com/gp/help/reports/ infringement (last visited Dec. 19, 2016), attached as Exhibit 12.

68.     Notably, by filing an infringement report, complainant must make the following assertion –

> I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law.

*Id.*

69.     More importantly, by filing an infringement report, complainant declares –

> I declare, under **penalty of perjury**, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above.

*Id.* (emphasis added).

70.     Dead End's attorney cited the following three listings as infringing:

> ASIN: B01M5K8S31, [Premium Adjustable] 8-in-1 Water Resistant Survival Tactical Emergency Watch Bracelet Hiking Camping Kit iGuard 550-lb Military Grade Paracord Fire Starter Compass Whistle (camo)

ASIN: B01DIGHPCI, [Premium All-Inclusive] 16-in-1 Water Resistant Survival Tactical Emergency Watch Bracelet Hiking Camping Kit iGuard 550-lb Military Grade Paracord Fire Starter Compass Thermometer Whistle Fishing

ASIN: B01M2DH0H2, [Premium Adjustable] 8-in-1 Water Resistant Survival Tactical Emergency Watch Bracelet Hiking Camping Kit iGuard 550-lb Military Grade Paracord Fire Starter Compass Whistle (black)

71. Clearly, there is no good-faith legal basis for Dead End to claim that Plaintiff infringed on its "SURVIVAL WATCH SW YOUR BEST LAST RESORT & Design" (with "SURVIVAL WATCH" disclaimed) mark. Not only does Dead End not own exclusive rights to and cannot stop others (including and especially Plaintiff) from using the generic phrase "survival watch," but Dead End has no legal grounds to stop third parties (like Plaintiff) from using the phrase (even if it were protected) to fairly describe their goods. Even more obvious and egregious, Plaintiff does not even use the phrase "survival watch." Instead, Plaintiff uses the following phrase to describe its product: "Water Resistant Survival Tactical Emergency Watch."

72. Nevertheless, as a result of Dead End's fraudulent trademark infringement complaint with Amazon, Amazon suspended Plaintiff's watch offerings so that they are no longer available to Amazon customers. *See* Amazon Notice of Suspension, attached as Exhibit 11.

73. Dead End's fraudulent and bad-faith complaint, and Amazon's resulting suspension, has materially affected potential purchasers because they no longer have the option to purchase "iGuardco" survival watches.

74. Additionally, as a result of Dead End's fraudulent and bad-faith complaint, Plaintiff has suffered extensive loss of sales, loss of goodwill, and frozen assets.

## IX.     DEFAMATION THROUGH DEFENDANT DOES' FEEDBACK

75.     Upon information and belief, Defendant Does have defamed Plaintiff by falsely submitting, directly or by implication, negative reviews of Plaintiff's Watches when there were no factual basis for making these statements.  Exhibit 2.

76.     In fact, upon further information and belief, Plaintiff's Watches are substantially the same quality as Dead End's watches.  *Compare* Defendant Doe SharpSurvival's watch[8] (below, left) *with* the Plaintiff's Watch[9] (below, right).

 

77.     Hence, should Defendant Does be working in concert with Dead End, their reviews are completely false, especially when they have not submitted the same reviews for Dead End's watches.

78.     For example, upon information and belief, Defendant Doe Phil G. left the following review on November 30, 2016:

> 1.0 out of 5 stars - Cheap knock-off - BEWARE
>
> By Phil G. on November 30, 2016

---

[8] https://www.amazon.com/dp/B01A5W5002/ref=twister_B01A5W4ZY4?_encoding=UTF8& psc=1 (last visited Dec. 19, 2016).
[9] https://www.amazon.com/dp/b01m2dihhw (last visited Dec. 21, 2016).

Color: black

Great idea, but he is violating United States Intellectual Property Laws because the buckle design is patented and so is the strap design. This is a cheap chinese knock-off of a patented product. Do not be fooled - this seller won't be on Amazon long and in fact will be served with a lawsuit soon.

Exhibit 2, p. 1.

79. By way of another example, upon information and belief, Defendant Doe Jake Fairfeild left the following review on November 30, 2016:

1.0 out of 5 stars - Don't waste your $$$

By Jake Fairfeild on November 30, 2016

Color: black

Cheap and pathetic knock off of the real deal. Cheap and flimsy product. Requested a refund as soon as I got it. Definitely false advertising and not the same as what the listing shows.

Exhibit 2, p. 1.

80. Upon information and belief, Defendant Does made the following derogatory reviews concerning the Plaintiff's Watch:





Exhibit 2, p. 2.

81.     In particular, Defendant Does have defamed Plaintiff by falsely and publicly stating that Plaintiff's Watch is of poor quality.  Defendant Does' assertions, considered in context, necessarily imply a false message and are literally false in that they state or imply that Plaintiff's Watches are of poor quality. As such, Defendant Does' statements deceived, or had the capacity to deceive Amazon.com and purchasers on the Amazon.com platform.

82.     Defendant Does' false and defamatory statements are designed to interfere with and injure Plaintiff in connection with its business and to promote Defendant Does' own business agenda.  This wrongful and tortious conduct perpetrated by Defendant Does have disparaged Plaintiff and is causing and will continue to cause Plaintiff irreparable harm and damages.

83.     Defendant Does' false and defamatory statements have also caused tortious interference with Plaintiff's contractual obligations with Amazon.com Inc.

84.     The false and/or misleading statements of Defendant Does misrepresent the characteristics of Plaintiff's Watches suggesting that they are of poor quality.

85.     Due to Defendant Does' fraudulent actions, Plaintiff is entitled to injunctive relief prohibiting Defendant Does from tortiously interfering with Plaintiff's contractual and business relations, as well as an award of monetary damages, punitive damages, attorney's fees, and costs to be proven at trial.

## A.  FEEDBACK CUSTOMERS' ANONYMITY

86.     Plaintiff has made several non-judicial attempts to ascertain the real individuals behind Defendant Does.  None of its efforts have been successful.  For this reason, Plaintiff must turn to judicial options.

87.     Upon information and belief, Defendant Does do not use their real names on Amazon.

88.     Upon information and belief, Defendant Does have used fake names to purchase Plaintiff's Watches.  Upon further information and belief, Defendant Does have either used credit cards with fake names or anonymous pre-paid cards to purchase Plaintiff's Watches.

B. **CONSPIRACY**

89.     Upon information and belief, Defendant Does are working in concert to eliminate competition to Defendant Dead End and Defendant Doe SharpSurvival.  Each Defendant Doe has voluntarily and intentionally devised and participated in a scheme to defraud Plaintiff out of money.

90.     Defendant Does' actions prevent Plaintiff from selling its inventory to actual customers, from withdrawing funds for its Amazon seller account, from purchasing additional inventory, and from having an untarnished Amazon seller rating.

91.     Upon information and belief, Defendant Does intended to defraud Plaintiff out of money through their pattern of purchasing, returning, and leaving negative feedback.  Further, Defendant Does have defrauded Plaintiff out of money by submitting bogus infringement claims with Amazon.

92.     Upon information and belief, Defendant Does have used e-mail addresses, the Internet, interstate mail, and other communications to further their conspiracy.

X.     **DEFAMATION BY DEFENDANT DEAD END**

93.     Upon information and belief, Dead End submitted an intellectual property complaint to Amazon based on its unregistered patent applications and/or its unregistered "Survival Watch®" name.

94.     Dead End's intellectual property attorney sent a cease and desist e-mail to Plaintiff on or about December 6, 2016.  *See* e-mail from Mr. Charles F. Gray, attorney for Dead End, to Plaintiff, attached as Exhibit 13.

95.     In this letter, Dead End's attorney false asserted that Dead End has rights to "Survival Watch®" and cited to Dead End's Amazon listings that uses the term "Survival Watch®." Exhibit 13.

96.     In the letter, Dead End's attorney also asserted (in bad faith) that Plaintiff's Amazon.com listing violated Dead End's trademark. *Id.* The attorney cited the following listing by Plaintiff:

Amazon.com: [Premium Adjustable] 8-in-1 Water Resistant Survival Tactical Emergency Watch Bracelet Hiking Camping Kit iGuard 550-lb Military Grade Paracord Fire Starter Compass Whistle (black): Sports & Outdoors

www.amazon.com

Amazon.com: [Premium Adjustable] 8-in-1 Water Resistant Survival Tactical Emergency Watch Bracelet Hiking Camping Kit iGuard 550-lb Military Grade Paracord Fire Starter Compass Whistle (black): Sports & Outdoors [10]

97.     Unquestionably, this listing does not infringe on any of Dead End's trademark rights. Instead, the listing simply uses generic terms to fairly describe Plaintiff's product.

98.     Nevertheless, Dead End's attorney falsely stated that Plaintiff violated the following: "Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), the Michigan Consumer Protection Act, as well as other similar state statutes." *Id.*

99.     Additionally, Dead End's attorney stated that Dead End has pending patent applications that, if issued, would be infringed by Plaintiff's Watches. *Id.*

100.     However, Dead End owns no patents. *Id.* Dead End's survival watches, like all other survival watches, are merely "survival bands" with watch faces:

---

[10] Id.



101.     Dead End's bad-faith assertion that Plaintiff's Watches "will infringe [Dead End's] design and utility patents" is an anti-competitive scare-tactic intended to stop Plaintiff from fairly competing with Dead End.

102.     Dead End and its attorney knew or should have known that their accusations were false and groundless.

103.     Dead End's attorney demanded a response to his letter by December 27, 2016. *See* Exhibit 13 ("We look forward to hearing from you or your legal representative within fifteen (15) business days."). However, two days after Dead End's attorney represented that Plaintiff had 15 days to respond, Dead End—upon information and belief—filed a complaint on Amazon. *See* Amazon.com Notice of Intellectual Property Rights Infringement, attached as Exhibit 10.

104.     Dead End's statement transmitted to Amazon, combined with the Defendant Does' false reviews, has led consumers to believe that they can be sued for purchasing watches from Plaintiff and that Plaintiff's products are counterfeit and unlawful.

---

[11] https://www.amazon.com/iRainy-Ultimate-Paracord-Bracelet-Emergency/dp/B01N3ZTZ6F/ref=sr_1_fkmr2_2?ie=UTF8&qid=1483462544&sr=8-2-fkmr2&keywords=survival+paracord+bracelet+outdoor+by+cyberstorepro (last visited Jan. 3, 2017).

105.    The Defendants published their false and defamatory statements for a commercial

purpose: to help Dead End monopolize the market for a certain category of watches on Amazon

and to prevent Plaintiff from fairly competing.

106.    The false and/or misleading statements of the Defendants were also made in the

context of "commercial advertising or promotion," as used in Section 43(a) of the Lanham Act,

15 U.S.C. § 1125(a).

107.    Dead End's false and defamatory statements have resulted substantial and

irreparable damage to Plaintiff's business, reputation, and goodwill.

**COUNT I**
**Declaratory Relief**
**(28 U.S.C. § 2201)**

108.    Plaintiff re-alleges paragraphs 1-107 as if set forth in full herein.

109.    Based on the allegations contained in this Complaint, there is a need for a judicial

declaration because an actual justiciable controversy exists by way of Dead End's credible threat

of immediate litigation and Amazon's suspension of Plaintiff's product offerings and assets.

WHEREFORE, and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201,

Plaintiff hereby moves the Court for a judgment declaring that:

A.      Dead End does not own, and cannot misrepresent to others that its owns,

exclusive rights to the generic phrase "survival watch" and that others' use of the phrase

to identify their own products or to fairly describe their own goods does not infringe on

Dead End's federal registration or any common law rights.

B.      Plaintiff has the right to sell Plaintiff's Watches.

C.      Plaintiff's product listings do not infringe on any of Dead End's trademark rights;

D.      Plaintiff has suffered real harm as a result of Dead End's actions; and

E.      Dead End should pay Plaintiff its attorney fees and costs incurred in prosecuting

this action.

## COUNT II
## False Advertising under § 43(a) of the Lanham Act
## 15 U.S.C. § 1125(a)

110.    Plaintiff re-alleges paragraphs 1-109 as if set forth in full herein.

111.    By falsely stating or implying that Dead End owns a federal trademark

registration to "Survival Watch," Dead End has used false and misleading representations of fact

in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

112.    Dead End's use of these false and misleading representations of fact concerning

its generic watches cause, or is likely to cause, confusion, mistake and/or deception for the

audience for which Dead End's communication was intended.

113.    The false and misleading statements by Dead End concern its generic watches in

interstate commerce.

114.    Unless preliminarily and permanently enjoined, Dead End's conduct will cause

Plaintiff irreparable harm for which there exists no adequate remedy at law.

115.    Dead End's conduct has been willful and deliberate.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in

its favor and against Dead End that includes the following:

A.      A preliminary and permanent injunction against Dead End, prohibiting it from

falsely advertising that it owns exclusive rights to and a federal registration for the two-

word phrase "survival watches" by using "Survival Watches®" in its advertising and

product listings, and directing the USPTO to cancel '053 Mark for fraud; and

B.      Dead End's profits and other monetary benefits associated with its sale of

survival watches;

C.      Both pre-judgment and post-judgment interest;

D.      Attorneys' fees and costs; and

E.      Such other and further relief as this Court finds just and equitable.

### COUNT III
### Defamation *Per Se* as to Dead End
### (740 ILCS § 145)

116.    Plaintiff re-alleges paragraphs 1-115 as if set forth in full herein.

117.    Dead End's intellectual property infringement report to Amazon (a third party)

falsely stated, directly or by clear implication that Plaintiff infringed on Dead End's non-existent

trademark rights and patent rights.

118.    Dead End's communication was not privileged.

119.    Dead End's falsehoods were made with actual malice by Dead End inasmuch as it

knew of the falsity or recklessly disregarded their truth or falsity.

120.    Dead End was at least negligent in making the defamatory and injurious

statements that Plaintiff's Watches infringe Dead End's intellectual property.

121.    Dead End's statements have caused special harm to Plaintiff or are actionable

irrespective of special harm as they were made with the intent to cause Plaintiff's customers and

Amazon.com to cease doing business with Plaintiff and/or purchasing Plaintiff's Watches.

122.    By its defamatory and injurious statements and wrongful assertion of rights

against Plaintiff's Watches, Dead End has disparaged and impugned Plaintiff.

123. Dead End's defamatory and injurious statements were calculated to create an unfavorable impression of and to defame Plaintiff in order to interfere with and destroy Plaintiff's business and did interfere with and destroy Plaintiff's business.

124. By the aforesaid conduct, Dead End made false and defamatory charges against Plaintiff in reference to its trade, office, and profession that falsely imputed to Plaintiff that Plaintiff's Watches infringe a federally registered trademark and unenforceable patent applications. These false charges were calculated by Dead End to injure Plaintiff in its trade, office, and profession and constitute defamation *per se*.

125. Dead End's willful, deliberate, and defamatory acts were committed with prior knowledge or reckless disregard of the falsity of the statements.

126. Unless preliminarily and permanently enjoined, Dead End's conduct will cause Plaintiff irreparable harm for which there exists no adequate remedy at law.

127. As a direct and proximate result of the aforesaid unlawful conduct of Dead End, Plaintiff has suffered substantial damages to its professional reputation, the threat of lost business and lost profits, for which Plaintiff is entitled to recover from Dead End in an amount to be proved at trial, plus punitive damages, and litigation expenses, including attorney's fees.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Dead End as follows:

A. Damages to Plaintiff, in an amount to be determined at trial;

B. Both pre-judgment and post-judgment interest;

C. Award of punitive damages in an amount to be determined at trial but in no event less than $50,000;

D. Attorneys' fees and costs; and

E.      Such other and further relief as this Court finds just and equitable.

**COUNT IV**
**Illinois Deceptive Trade Practices Act**
**(815 ILCS § 510/1 *et seq.*)**

128.    Plaintiff re-alleges paragraphs 1-127 as if set forth in full herein.

129.    Dead End, directing and/or working in concert with "Does 1-9" ("Amazon Customer1," "Amazon Customer2," "Phil G.," "Jake Fairfeld," "Chad Holtz," "Chuck Spitzley," "Matthew Spitzley," and "Nicole Spitzley"), have falsely represented in writing to third parties that Plaintiff's Watches are infringing, unlawful, and "knock-offs," in violation of 815 ILCS § 510/1.

130.    Dead End has also deceptively held itself out to Illinois consumers and competitors as owning exclusive rights to the phrase "survival watch" by using the inaccurate and misleading designation "Survival Watch®."

131.    Plaintiff has suffered damages as a result of Defendants' actions and will continue to suffer damage unless the Court enjoins Defendants from engaging in these deceptive trade practices.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in favor of Plaintiff and against Defendants as follows:

A.      A preliminary and permanent injunction against Defendants stopping Defendants from posting false and disparaging reviews online about Plaintiff and from misrepresenting in all forms that Dead End owns exclusive rights to or a federal registration for the phrase "survival watch."

B.      For damages to Illinois consumers and actual damages to Plaintiff, in an amount to be   determined at trial.

C.      Both pre-judgment and post-judgment interest;

D.      Attorneys' fees and costs; and

E.      Such other and further relief as this Court finds just and equitable.

## COUNT V
## Tortious Interference with Contractual and Business Relations (Dead End)

132.    Plaintiff re-alleges paragraphs 1-131 as if set forth in full herein.

133.    Dead End has interfered improperly and without privilege with Plaintiff's contractual and business relations by engaging in the aforesaid conduct to induce Amazon.com Inc. not to continue contractual relations or business with Plaintiff.

134.    Dead End has acted improperly, tortiously, and without legal basis by submitting a false infringement report with Amazon.

135.    Dead End had knowledge of Plaintiff's contracts and business relations with Amazon.

136.    Dead End has acted with a direct or "specific" intent to injure Plaintiff.

137.    Dead End's improper conduct in submitting a false infringement report and false and disparaging reviews with whom Plaintiff has ongoing contracts and business relations.

138.    The foregoing actions by Dead End were willful, malicious, specifically intended to harm Plaintiff's contractual and business relations with Amazon and constitute aggravating circumstances sufficient to justify the imposition of a punitive damages award.

139.    As a direct and proximate result of the aforesaid unlawful conduct of Dead End, Plaintiff has suffered substantial and irreversible damage to its professional reputation, lost profits, and a complete freezing of its Amazon store and accounts.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in its favor and against Dead End, including, but not limited to, the following relief:

A.      Preliminary and permanent injunctive relief against Dead End enjoining it, or any of its officers, agents, representatives, servants, employees, attorneys, successors, and assignees, and all others in active concert or participation with them, from falsely representing to third parties that it own the rights to the phrase "survival watch" from tortiously interfering with Plaintiff's business relationship with Amazon.

B.      Damages to Plaintiff, in an amount to be determined at trial, but in no case less than $50,000;

C.      Disgorgement of Dead End's ill-gotten profits;

D.      Both pre-judgment and post-judgment interest;

E.      Attorneys' fees and costs; and

F.      Such other and further relief as this Court finds just and equitable.

## COUNT VI
### Tortious Interference with a Business Expectancy

140.      Plaintiff re-alleges paragraphs 1-139 as if set forth in full herein.

141.      Plaintiff had a reasonable expectation of entering into valid business relationships with Amazon.com buyers and the Defendants knew of this reasonable expectancy.

142.      Nonetheless, Dead End filed a false intellectual property claim against Plaintiff with Amazon.com, Dead End falsely held itself out to third parties as owning exclusive rights and a federal registration to the phrase "survival watch," and the Users (at Dead End's direction and/or in concert with Dead End) posted false and defamatory reviews about Plaintiff and its watches.

143.      Through these willfully false statements and representations, Defendants intentionally interfered with Plaintiff's business expectancy by convincing reasonably likely customers of Plaintiff not to buy its watches.

144.     With reasonably certainty, but for Defendants' false statements and representations, Plaintiff's business expectancy would have been realized.

145.     Defendants' interference was done purposefully, intentionally, and willfully.

146.     As a direct and proximate result of Defendants' intentional conduct, Plaintiff lost numerous sales of watches.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in its favor and against the Users, including, but not limited to, the following relief:

A.     Preliminary and permanent injunctive relief against the Defendants enjoining them, or any of its officers, agents, representatives, servants, employees, attorneys, successors, and assignees, and all others in active concert or participation with them, from tortiously interfering with Plaintiff's business expectancies by leaving false and defamatory online reviews, by submitted false and groundless infringement claims to Amazon, and by falsely claiming exclusive rights to and a federal registration for the generic phrase "survival watches."

B.     Damages to Plaintiff, in an amount to be determined at trial, but in no event less than $50,000;

C.     Both pre-judgment and post-judgment interest;

D.     Attorneys' fees and costs; and

E.     Such other and further relief as this Court finds just and equitable.

## COUNT VII
## Sherman Antitrust
## 15 U.S.C. §1

147.     Plaintiff re-alleges paragraphs 1-146 as if set forth in full herein.

148.    Defendants engaged in a conspiracy to eliminate Plaintiff from selling its Plaintiff's Watches on Amazon.com.

149.    Defendants were able to harm Plaintiff by having its ASINs and account suspended.  Such actions made Defendants' conspiracy economically plausible.

150.    By their actions, Defendants were able to injure Plaintiff and harm competition by having Plaintiff's ASINs and account suspended.  Such actions made Defendants' conspiracy economically plausible.

151.    Defendants' conspiracy was intended to unreasonably restrain trade and did unreasonably restrain trade by eliminating Plaintiff from selling Plaintiff's Watches on Amazon.com.

152.    Plaintiff has standing because Defendants' anticompetitive conspiracy was directed to Plaintiff.  Plaintiff directly competes and sells under the same ASIN as Defendants.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in its favor and against Defendants that includes the following:

A.    The Court adjudge and decree that Defendants' above alleged conduct constitutes illegal restraints of the aforementioned interstate trade and commerce in violation of Section 1 of the Sherman Act.

B.    That Defendants, their officers, directors, agents, employees, subsidiaries, and successors, and all other persons acting or claiming to act on their behalf, be permanently enjoined, restrained, and prohibited from, in any manner, directly or indirectly, claiming trademark rights in the phrase "survival watch," claiming any patent rights in the generic and predictable and non-novel survival watch designs.

C.      The Plaintiff be granted such other relief as the Court may deem just and proper

to prevent recurrence of the alleged violations and to dissipate the anticompetitive effects

of Defendants' past violations;

D.      The Plaintiff recovers the costs of this action and its attorneys' fees.

**COUNT VIII (In the Alternative)**
**Unjust Enrichment**

153.    Plaintiff re-alleges paragraphs 1-152 as if set forth in full herein.

154.    Defendants' wrongful acts have eliminated Plaintiff's Watches from the

Amazon.com marketplace.

155.    Defendants have monetarily benefited from its unlawful acts by an increase in

watch sales and by the elimination of a competitor.

156.    But for Defendant's wrongful acts, Plaintiff would not have lost sales, goodwill,

and the ability to sell its watches and Defendants would have not have wrongly reduced

competition and increased sales.

157.    Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that this Honorable Court enter an order and judgment in

its favor and against Defendants that includes the following:

A.      A full and true accounting of Dead End's sales of watches for the last sixteen

quarters;

B.      Defendants' ill-gotten profits and other monetary benefits associated with its

wrongful acts;

C.      Both pre-judgment and post-judgment interest;

D.      Attorneys' fees and costs; and

E.      Such other and further relief as this Court finds just and equitable.

## <u>JURY TRIAL DEMANDED</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted, this January 4, 2017.

By: */s/ Daliah Saper*
Daliah Saper
E-mail: ds@saperlaw.com
ARDC No. 6283932
Matthew Grothouse
E-mail: matt@saperlaw.com
Chad Nold
E-mail: chad@saperlaw.com
SAPER LAW OFFICES
505 N Lasalle Suite 350
Chicago, Illinois 60654
312.527.4100
312 527 5020 (fax)

Jeffrey T. Breloski
Georgia Bar No. 858291
(applying for *pro hac vice*)
E-mail: jbreloski@ATLawip.com

ATLAW*IP* LLC
2065 Compton Way
Johns Creek, Georgia 30022
706.593.2865
770.680.2461 (fax)

*Attorneys for Plaintiff.*